# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **c/o United States Attorney's Office** | : | |
| **Judiciary Center Building** | : | |
| **555 4th Street, N.W.** | : | |
| **Washington, D.C. 20530,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No.** |
| | : | |
| **$18,505.00 IN UNITED STATES CURRENCY** | : | |
| **in cash seized on August 3, 2011, from a bureau** | : | |
| **in the gym area and a bedroom in Hugh Dennis'** | : | |
| **basement residence at his home in Washington, D.C.,** | : | |
| **during a raid in which police also seized $5,000 worth** | : | |
| **of crack cocaine, a loaded gun, loose ammunition,** | : | |
| **and drug paraphernalia,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

**COMES NOW** the plaintiff, United States of America, by and through the United States

Attorney for the District of Columbia, to bring this verified complaint for forfeiture *in rem* against

the defendant property, which is $18,505.00 in United States currency in cash, which police seized

on August 3, 2011, when serving a drug-related search warrant at Hugh Dennis' home in

Washington, D.C.  Police officers seized $17,800 of the cash from a basement gym area in the top

drawer of a bureau, where they also found Chevy Chase Bank checks in the name of Hugh Dennis,

and the remaining $705.00 in cash was on a dresser, on the bed, or in a night-stand in the basement's

bedroom.  Police also seized crack cocaine base and cash from Hugh Dennis' shorts, more crack

from elsewhere in the basement, and a loaded gun from under a bedroom mattress.  In further support

of its cause, plaintiff states as follows:

## NATURE OF THE ACTION AND DEFENDANT *IN REM*

1.       This is a civil action *in rem* for the forfeiture of the defendant property to the use and benefit of the plaintiff, the federal government of the United States of America.  Pursuant to 21 U.S.C. § 881(a)(6), property is subject to forfeiture to the United States if it is "moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance, . . . proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate" any violation of Title II of Pub.L. 91-513, commonly called the Controlled Substances Act, as amended, codified at 21 U.S.C. § 801, *et seq.*

2.       The defendant property is a quantity of United States currency, $18,505.00 in cash, which Metropolitan Police Department (MPD) officers seized when executing a drug-related search warrant at Hugh Dennis' residence, which is in the 5700 block of Third Street, N.E., Washington, D.C.  After finding the defendant property in and on various pieces of furniture in the basement bedroom and gym, the officers seized it.  The defendant property is described more fully as:

> **Eighteen-thousand five-hundred five dollars and no cents ($18,505.00) in United States currency in cash seized on August 3, 2011, during the execution of a drug-related search warrant at Hugh Dennis' residence, which is at a specific address in the 5700 block of Third Street, N.E., Washington, D.C.**

The defendant property is in the custody of an agency of the United States government in Washington, D.C.  The United States Drug Enforcement Administration (DEA) "adopted" the defendant property's seizure and commenced procedures for its forfeiture by a non-judicial, administrative process.  DEA uses Asset ID Number 11-DEA-554385 and case number GD-11-0382

to identify the defendant property in its records.

## JURISDICTION AND VENUE

3.      This Court has original jurisdiction of this civil action by virtue of 28 U.S.C. § 1345, because it has been commenced by the United States, and by virtue of 28 U.S.C. § 1355(a), because it is an action for the recovery and enforcement of a forfeiture under an Act of Congress.  Venue is proper in this District by virtue of 28 U.S.C. § 1355(b)(1), because this is a forfeiture action or proceeding brought in the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred, and by virtue of 28 U.S.C. § 1395, because a civil proceeding for the forfeiture of property may be prosecuted in the district in which the property is found.  The defendant property is now, and during the pendency of this action will be, in the jurisdiction of this Court.

4.      This civil action *in rem* for forfeiture is governed by 21 U.S.C. § 881, 18 U.S.C. § 983, the Federal Rules of Civil Procedure, and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, particularly Rule G.

## STATEMENT OF FACTS

5.      On August 1, 2011, Judge Eugene Hamilton of the Superior Court of the District of Columbia issued a warrant to search the residential property at a specific address in the 5700 block of Third Street, N.E., Washington, D.C.  The warrant commanded Metropolitan Police Department (MPD) officers to search for and seize from this residence any "cocaine, drug paraphernalia, proceeds of drug-trafficking, proof of residence or occupancy," and certain items involving firearms.

6.      The residence at this address is Hugh Dennis' life-long home.

7       In applying for the search warrant, MPD Officer Jeremy Sharpton swore out an affidavit stating that a "male named Hugh Dennis lived at that location and was involved with

narcotics-trafficking."

8.      The affidavit further stated that police had conducted surveillance of the premises at the address and observed Mr. Dennis get into a Cadillac automobile that the affiant had been told Mr. Dennis used to "transport and sell narcotics."

9.      According to the affidavit, when police stopped Mr. Dennis in the car a little while later that day, Mr. Dennis was in possession of at least $1,000 in United States currency in cash.

10.     An MPD officer asked Mr. Dennis where he was employed, and the affidavit stated that he replied, "I don't work."

11.     Since that seizure of the $1000 in cash, the affidavit stated, Mr. Dennis had been seen "involved in  a drug transaction" in which an unidentified person paid Mr. Dennis $200 in cash in exchange for cocaine.

12.     On August 3, 2011, MPD officers executed the drug-related search warrant at Mr. Dennis' home on Third Street, N.E., Washington, D.C., and the officer seized suspected crack cocaine base, a loaded gun, the defendant $18,505 cash property, yet an additional $940 in cash, drug paraphernalia, and loose ammunition.  Almost all of the seized items were in the house's basement.

13.     Mr. Dennis maintained a bedroom in the basement of this residence on August 3, 2011, and nobody but Mr. Dennis lived in this basement in the Dennis house.  Mr. Dennis' sister lives upstairs in the same house.

14.     The basement of Mr. Dennis' home consists of three rooms:  a bedroom, a gym area next to it, and a utility room.

15.     When police served the search warrant, Mr. Dennis was home, and police eventually arrested him.  In a pocket of his shorts, Mr. Dennis had about seven grams of suspected crack

cocaine base, along with $940.00 in United States currency in cash.  This sum of cash is not part of the defendant property in this action.

16.     In a "drop ceiling" above of the basement's gym area, police found and seized about 37 grams of suspected crack cocaine base.

17.     From the basement gym area's "drop ceiling," police seized 20 loose rounds of ammunition, a digital scale, a spoon, and empty ziplock bags.

18.     The ziplock bags were of a sort commonly used by drug-dealers to package loose rocks of crack cocaine or other drugs for street-level illegal drug sales.

19.     The digital scale, spoon, and empty ziplock bags qualify as drug paraphernalia under District of Columbia Code § 48-1101(3).

20.     Also in the basement gym area, from a black plastic bag in a bureau drawer, police seized a total of $17,800.00 in United States currency in cash.  This is one of four sums of cash that make up the defendant property totalling $18,505.00 in cash.

21.     In same plastic bag with the $17,800.00, police seized an envelope containing 33 $100 currency wrappers.

22.     From the same top bureau drawer in the basement gym area, where police seized the $17,800.00 in cash, police also seized Chevy Chase Bank checks with the name of "Hugh Dennis."

23.     The $17,800.00 in cash consisted of four bundles of cash bound by rubber-bands: a $5,200.00 bundle, a $10,000.00 bundle, a $600.00 bundle, and a $2,000.00 bundle.

24.     On the basement gym's floor, police found a loose rock of suspected crack cocaine weighing approximately 2.0 grams, which the officers seized.  Police seized another approximately 3.4 grams of suspected crack cocaine base found on the floor of the basement's utility room, plus

a small rock of suspected crack on the floor in the bedroom basement.

25.     In the basement bedroom, police found $400.00 in United States currency in cash in a night-stand drawer, a further $300.00 in United States currency in cash on top of a dresser, and $5.00 on the bed.  These three sums of cash are the balance of the $18,505.00 in United States currency that is the defendant property in this action.

26.     From under the bed's mattress, police seized a loaded semi-automatic pistol.

27.     Police found three pieces of mail addressed to Mr. Dennis in the bedroom, as well as a number of photographs of Mr. Dennis, which were along the top of the wall in the bedroom.

28.     Other items of suspected drug paraphernalia were found in the basement and seized.

29.     Upon information, experience, and belief, persons qualified in court in the District of Columbia to give expert opinion on the "street" value of illegal crack cocaine commonly testify that a rock of crack cocaine commanding a price of $10 usually weighs approximately one-tenth of a gram.  Based upon this, the value of 50 grams of crack cocaine base cut into this size rock for street sales is about $5,000.

30.     There was no women's clothing located in the basement at the time of the search.

31.     The day after Mr. Dennis' arrest on August 3, 2011, the government filed a criminal complaint in the United States District Court for the District of Columbia charging him with unlawful possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), United States v. Dennis, No. 1:11-mj-00537-JMF.  This crime is a violation of  the Controlled Substances Act, as amended, codified at 21 U.S.C. § 801, et seq.

32.     Following his arrest, defendant Dennis said that he lived with his sister at the home on Third Street, N.E.,  where police served the drug search warrant on August 3, 2011, and that he

lived at the address for life.

33.     At the time of his arrest, defendant Dennis also said he had been unemployed for four months and was living on funds from a category known as "savings/investment/trust." Earlier, when actually arrested on August 3, 2012, Mr. Dennis also had told officers that he was unemployed.

34.     When police arrested Mr. Dennis, he was on a form of post-incarceration supervision similar to parole or probation from a Maryland conviction for a crime in the nature of car-jacking.

35.     Mr. Dennis has a previous criminal record that includes (1) convictions for unlawful possession of drug paraphernalia, one in Maryland and one in the District of Columbia; (2) two separate convictions for possession of cocaine, both in the District of Columbia; and (3) arrests and convictions for crimes in the nature of credit card fraud, car-theft, threats, and failing to appear in Court for a criminal case.

36.     On December 13, 2011, a grand jury of this Court charged defendant Dennis by indictment with the felony crimes of (1) unlawful possession with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii); (2)  unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1); and (3) Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c).  The case was calendared before United States District Judge Beryl A. Howell as United States v. Dennis, No. 1:11-cr-00362-BAH.  This first indicted charge is a violation of the Controlled Substances Act, as amended, codified at 21 U.S.C. § 801, *et seq.*

37.     After the defendant property was seized, DEA began the procedures to declare it forfeited it to the United States government by an administrative, non-judicial process.

38.     On or about December 30, 2011, DEA received a claim of ownership of the defendant property, signed under penalty of perjury by Ms. Regina Dennis, who is defendant's sister.

39.     In her claim, Ms. Dennis stated:

> My mother passed [in] 2010 holding a Metlife Money Market policy, which issued [to] all of her children [four names given, including defendant Hugh Dennis] and myself each the amount of $9,322.55 (Statement of Claim attached hereto).  Although the monies were taken from the residence at the time of [defendant Hugh] Dennis' apprehension, I did not participate in, or have knowledge of, the conduct that resulted in the property being subject to forfeiture.  I do, however, have an interest in the forfeited property.  These monies were not used in any illegal activities nor in connection with any criminal acts.

40.     Accompanying the claim letter submitted in DEA's non-judicial forfeiture proceedings was a photocopy of a document addressed to Ms. Regina Davis.  It indicated that, on July 29, 2010, MetLife had established an account for Ms. Dennis with an opening balance of $9,322.55.  The document indicated that in seven days Ms. Dennis would receive a check book enabling her to draw on the funds in the account.

41.     Ms. Dennis' claim to DEA did not include with it any evidence of what became of the $9,322.55 in funds in the MetLife account between July 29, 2010, and the seizure of the defendant property of $18,505.00 in cash  a year later on August 3, 2011.  Ms. Dennis also supplied no documents showing that she had liquidated the $9,322.55 in funds in the MetLife account, converted them into cash, and then kept that money at her home in the basement, where police seized the defendant property of $18,505.00 in cash on August 3, 2011.

42.     After receiving this claim to the defendant property, DEA halted the non-judicial forfeiture proceedings and referred the matter to the United States Attorney for the District of

Columbia to commence this civil forfeiture action through the judicial process.

## COUNT ONE

1.      The factual statements made in paragraphs 1 through 42 are re-alleged and incorporated by reference herein.

2.      The defendant property, $18,505.00 in United States currency in cash seized on August 3, 2011, from a bureau in the gym area and a bedroom in Hugh Dennis' basement residence at his home in Washington, D.C., during a raid in which police also seized $5,000 worth of crack cocaine, a loaded gun, loose ammunition, and drug paraphernalia, is moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by a person in exchange for a controlled substance, proceeds traceable to such an exchange, or moneys, negotiable instruments, or securities used or intended to be used to facilitate a violation of 21 U.S.C. § 801, *et seq.*

3.      As such, the defendant property, $18,505.00 in United States currency in cash seized on August 3, 2011, from a bureau in the gym area and a bedroom in Hugh Dennis' basement residence at his home in Washington, D.C., during a raid in which police also seized $5,000 worth of crack cocaine, a loaded gun, loose ammunition, and drug paraphernalia, is subject to forfeiture to the United States.

**WHEREFORE**, the plaintiff prays that, as to the above-referenced defendant property, due process and warrant of arrest *in rem* issue according to law; that, pursuant to law, notice be provided to all interested parties to appear and show cause why the forfeiture should not be decreed and the defendant property be condemned as forfeited to the United States of America; and for such other and further relief as this Court may deem just, necessary and proper.

Respectfully submitted,

/s/ *Ronald C. Machen Jr.*
RONALD C. MACHEN JR., D.C. Bar No. 447889
United States Attorney

/s/ *Stephanie Lauren Brooker*
STEPHANIE LAUREN BROOKER, D.C. Bar No. 475321
Assistant United States Attorney
Chief, Asset Forfeiture and Money Laundering Section

/s/ *Jennifer Ambuehl*
JENNIFER AMBUEHL, Ill. Bar 6295766; Mo. Bar 61401
Special Assistant United States Attorney
Asset Forfeiture and Money Laundering Section
(202) 252-7773
Jennifer.Ambuehl2@USDoJ.Gov

/s/ *Barry Wiegand*
BARRY WIEGAND, D.C. Bar No. 424288
Assistant United States Attorney
Asset Forfeiture and Money Laundering Section
555 Fourth Street, N.W., Fourth Floor
Washington, D.C. 20530
(202) 252-7723
William.B.Wiegand@USDoJ.Gov

Counsel for Plaintiff United States

-10-

## <u>VERIFICATION</u>

I, Det. Maria Pena, a sworn officer of the Metropolitan Police Department in Washington, D.C., holding the rank of detective, first grade, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture *In Rem* is based upon reports and information known to me and/or furnished to me by other law enforcement agents and that everything represented herein is true and correct.

Executed on this   29th   day of March, 2012.

*/s/ Maria Pena*
Det. Maria Pena
Detective, First Grade
Metropolitan Police Department, and
Task Force Officer,
United States Drug Enforcement Administration
